IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

QIERAN GARDNER                                                                                          PLAINTIFF

v.                                                                                                      No. 4:22CV15-RP

MISSISSIPPI STATE PAROLE BOARD
SUPERINTENDENT STEVE PICKETT                                                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Qieran Gardner, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the Mississippi State Parole Board has unconstitutionally discriminated against him by repeatedly denying him a parole hearing. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Due Process and Equal Protection**

The plaintiff alleges that the Mississippi State Parole Board is "unconstitutionally discriminating against [him] by continuously setting [him] off on parole." Doc. 1 at 4. As an initial matter, the plaintiff's § 1983 claims based upon the violation of state law should be dismissed for failure to state a claim upon which relief could be granted; violation of state law does not, alone, give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). Next, the Due Process Clause provides protection only from those state procedures which imperil a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983). Thus, unless the Mississippi statutes governing parole afford prisoners a liberty or

property interest, the prisoners cannot mount a procedural or substantive due process challenge to the actions of the parole board. *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Mississippi parole statutes do not, however, bestow a liberty or property interest to prisoners; hence, Mississippi prisoners cannot challenge the decisions of the parole board on due process grounds. *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984). Therefore, the plaintiff's due process claims should be dismissed for failure to state a claim upon which relief could be granted.

The plaintiff's claim of equal protection must also fail, as the plaintiff has failed to identify "two or more relevant persons or groups" which the government has classified and treated differently, to the plaintiff's detriment; thus this final claim should be dismissed for failure to state a claim upon which relief could be granted.[1] *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). In addition, he has not identified a class of persons (as "suspect" or "protected" class) who enjoy such due process protections. *Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999). In the present case, the court must determine whether the conduct at issue amounts to discrimination in violation of the Equal Protection Clause. The court concludes that it does not.

### Conclusion

For the reasons set forth above, all of the plaintiff's allegations should be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 13th day of July, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] Though the plaintiff states that he can name "many offenders" incarcerated for violent felonies, including murder, who have been placed on parole, he has not done so.